Spring Term
1839.

CHANCERY.        **Stump and Others *against* Beatty.**

[Mr. M. C. Johnson for plaintiffs: no appearance for defendant.]

FROM THE GENERAL COURT.

*April* 13.     Chief Justice ROBERTSON delivered the opinion of the Court.

A publication a-
gainst non-resi-
dents, made after
the passage of the
act of 2 February
1837, which re-
quires a warning
order & traverse,
instead of publi-
cation, is una-
vailing—tho' the
order was made
before the act
passed.
A decree against
an absent def't
for the specific
execution of a
contract, made
(since the act of
1837,) without
proof, was unau-
thorized.

BEATTY having filed, in the General Court, a bill in chan-
cery against nonresidents, for the specific execution of
an alleged contract for land in this State—an order of
publication against the nonresidents, was made a few
days prior to the 2nd of February, 1837—the time when
the act of assembly, substituting a *warning order* and a
*traverse* on the order book, took effect; and nevertheless,
the order of publication was, after the said 2nd of Feb-
ruary, actually published for two months; and upon a
proper certificate of that fact, the General Court, with-
out any appearance, traverse, or proof, took the bill for
confessed, and rendered a decree for a conveyance.

The act of 1837, *supra,* provides that,—*after its date,*—
" in a proceeding in chancery against absent and nonre-
" sident defendants and unknown heirs, no order of pub-
" lication shall be made or published;" and it is evident,
therefore, that the *publication* in this case, did not author-
ize the decree *pro confesso;* for, though, even without the
unauthorized and ineffectual *publication,* the *order* requir-
ing the appearance of the nonresidents, might have had
the effect of "*a warning order,*" nevertheless, without
some proof of the allegations of the bill, the General
Court had no authority to decree a specific execution of
the alleged contract.

Wherefore, the decree is reversed, and the cause re-
manded.